NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE OTILA SANCHEZ-AGUILAR, <br><br>          Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>          Respondent. | No.   22-421 <br><br> Agency No. A208-601-707 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023**
Pasadena, California

Before:  M. SMITH, LEE and VANDYKE, Circuit Judges

Jacqueline Sanchez-Aguilar, a native and citizen of El Salvador, seeks review

of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from

an Immigration Judge's (IJ) denial of her applications for asylum, withholding of

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C § 1252(a)(1), and we deny the petition.

Sanchez-Aguilar applied for admission to the United States at the Ota Mesa, California, port of entry lacking a valid visa, passport, or other entry documentation. The Department of Homeland Security charged her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Sanchez-Aguilar conceded the charge and filed applications for asylum, withholding of removal, and protection under CAT. The IJ denied all three applications in an oral decision. Sanchez-Aguilar then appealed the IJ's decision to the BIA, which dismissed her appeal.

1. <u>Asylum and withholding of removal claims.</u> Sanchez-Aguilar's asylum and withholding of removal claims necessarily fail because she waived any challenge to the IJ's finding that she did not establish that Salvadoran government officials were, or would be, unable or unwilling to control her alleged persecutors. First, she failed to raise and thus exhaust this issue before the BIA. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture). Second, she has not raised this issue before us, either. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (where petitioner fails to contest an issue in her opening brief, the issue is deemed waived). We thus deny her asylum and withholding of removal claims.

Alternatively, the BIA did not err in upholding the IJ's denial of asylum and withholding of removal claims because substantial evidence supports the BIA's finding that Sanchez-Aguilar failed to establish membership in her proposed particular social group comprised of "persons who testified against gang members." Sanchez-Aguilar relies upon *Henriquez-Rivas v. Holder*, in which we held that witnesses who testified in open court against gang members in El Salvador may constitute a cognizable particular social group. 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc). Sanchez-Aguilar, however, concedes that she never in fact testified in open court against gang members.

2. CAT. "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the agency's denial of CAT relief on the grounds that Sanchez-Aguilar failed to establish a likelihood that she would be tortured in El Salvador upon her return and that the Salvadoran government would acquiesce to such conduct. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir.

2021) (noting that a "speculative fear of torture is not sufficient to satisfy the applicant's burden" for protection under CAT). The BIA considered conditions in El Salvador as evidence but found them insufficient to establish a particularized threat of torture. The record does not compel a contrary conclusion. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. **PETITION DENIED.**